UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVE DAILEY, individually and d/b/a Z DUST GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAN BERKOWITZ, individually and d/b/a DMC ENERGY, LLC,[1] <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 2:19-cv-352-GMB ) ) ) ) ) ) |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Pending before the court are Defendant Jan Berkowitz's Motion to Dismiss for Improper Venue (Doc. 15), Plaintiff Steve Dailey's Request for Transfer (Doc. 16 at 3), and Berkowitz's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Doc. 36. After careful consideration of the parties' filings and the relevant law, and for the reasons stated below, the court concludes that the motions to dismiss (Docs. 15 & 36) are due to be denied, but that

---

[1] In the caption of his third amended complaint, Dailey includes "fictious Defendants X, Y, and Z." Doc. 35 at 1. Generally, fictious party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Dailey has not demonstrated that any exceptions to the general rule apply. *See id.* ("We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage.") (internal citation and quotation marks omitted). Accordingly, this court does not recognize the fictious defendants. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1331 n.4 (11th Cir. 2015).

the motion to transfer (Doc. 16) is due to be granted and the action transferred to the Middle District of Florida, Orlando Division.

## I.  JURISDICTION AND VENUE

The court has subject matter jurisdiction over the claims in this lawsuit pursuant to 28 U.S.C. § 1332,[2] but the parties dispute whether venue is proper in the Northern District of Alabama or the Middle District of Florida.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The facts are as alleged in the complaint.  Dailey filed suit against Berkowitz—who does business as DMC Energy, LLC ("DMC")—asserting claims for breach of contract, conversion, breach of fiduciary duty, and fraud. Doc. 35. Dailey does business as Z Dust Group, Inc. ("Z Dust"). Doc. 35 at 1.  Both Z Dust and DMC are in the business of reselling coal. *See generally* Doc. 35.

In August 2017, Dailey agreed to purchase Anthracite coal from Berkowitz. Doc. 35 at 2.  Dailey sent a deposit of $1,000,000 to Berkowitz. Doc. 35 at 2.  As a condition of the agreement, Berkowitz was required to have the Anthracite coal

---

[2] Dailey has sufficiently invoked this court's diversity jurisdiction.  The operative complaint alleges that the amount in controversy exceeds $75,000. Doc. 35 at 1.  In that complaint, Dailey names two parties—himself, doing business as Z Dust Group, Inc.; and Berkowitz, doing business as DMC Energy, LLC. Doc. 35.  Dailey asserts that he is a citizen of Alabama and that Berkowitz is a citizen of North Carolina. Doc. 33 at 1.  Berkowitz moves to dismiss the action because Dailey has insufficiently alleged the citizenship of DMC Energy, LLC. Doc. 36.  While this is true, this failure does not affect diversity jurisdiction because the allegations of the third amended complaint make clear that Berkowitz is the proper defendant for jurisdictional purposes—even if he is doing business as DMC Energy, LLC. Doc. 35.

tested in Egypt. Doc. 35 at 2. Berkowitz represented that the sample tested well, but that he could not meet the negotiated price. Doc. 35 at 2. In response, Dailey asked for a lab visit for testing the coal and a site visit to the mine. Doc. 35 at 2. When Dailey arrived in Atlanta, Georgia for the lab visit, he discovered that the lab was inadequate for its intended purpose. Doc. 35 at 3. Berkowitz did not show up for the lab visit and he refused to allow a site visit. Doc. 35 at 2.

Berkowitz then offered to sell coal to Dailey from mines in Pennsylvania and the surrounding areas. Doc. 35 at 3. Dailey visited the mine sites in Pennsylvania and learned that Berkowitz was attempting to be paid for property he did not own or control. Doc. 35 at 3.

The parties met in Baltimore, Maryland in October 2017. Doc. 35 at 3. During the meeting, Berkowitz agreed that he would acquire $1,000,000 worth of steam coal from a company called E & I Holdings. Doc. 35 at 3. Dailey could then provide the coal to a Berkowitz customer in Egypt. Doc. 35 at 3. A problem arose in the transportation of the steam coal, during which Berkowitz falsified an email from Norfolk Southern Rail and forced the cancellation of the shipment. Doc. 35 at 3. E & I Holdings then returned $1,300,000 to Berkowitz that was intended to be repaid to Dailey, but Berkowitz never returned any money to Dailey. Doc. 35 at 3. On May 16, 2018, the parties signed a termination agreement ending their original contract for the sale of Anthracite coal. Doc. 35 at 3.

Pursuant to the termination agreement, Berkowitz was to refund $1,300,000 to Dailey. Doc. 5 at 20. The agreement included the following choice of law and forum selection clause:

> This Agreement shall be construed in accordance with the laws of the State of Florida. Further, the parties irrevocably agree that venue for the resolution of any dispute arising out of this Agreement shall be the state or federal courts located in Orange County, Florida. The parties further agree and forever waive any objection to the venue and the jurisdiction of the state and federal courts located in Orange County, Florida.

Doc. 5 at 21. Despite this provision, Dailey filed this action in the Northern District of Alabama. Doc. 1. In light of the forum selection clause, Berkowitz moves to dismiss the action pursuant to Rule 12(b)(3). Doc. 15. In the alternative, Berkowitz seeks leave to file a motion to transfer pursuant to 28 U.S.C. § 1404(a). Doc. 19 at 1. In his response, Dailey requests that the court either deny the motion to dismiss or transfer the matter to the federal court located in Orange County, Florida. Doc. 16 at 3. The court construed this request as a motion to transfer this action to the Middle District of Florida, Orland Division, the federal district and division encompassing Orange County. Doc. 30. Berkowitz does not oppose a transfer. Doc. 31 at 1.

### III. STANDARD OF REVIEW

A forum selection cannot be enforced by a motion to dismiss under Rule 12(b)(3). *Atl. Marine Const. Co. v. U.S.D.C. for W.D. Tex.*, 571 U.S. 49, 52 (2013); *see also Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 793 (11th Cir. 2018) ("If a

suit has been filed in a forum that satisfies the federal venue requirements . . . a party may not enforce a forum selection clause by seeking dismissal under either § 1406(a) or Rule 12(b)(3)."). "Instead, a forum-selection clause may be enforced by a motion to transfer under 28 U.S.C. § 1404(a)." *Atl. Marine Const. Co.*, 571 U.S. at 52. "When a [party] files such a motion . . . a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.*

## IV. DISCUSSION

Forum selection clauses are enforceable in federal court. *P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (internal citation omitted). "Questions of venue in diversity actions are governed by federal law." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 25 (1998). "Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed . . . under 28 U.S.C. § 1404(a), not state law." *Canon USA, Inc.*, 331 F.3d at 807. "For the convenience of parties and witnesses, section 1404(a) allows the district courts to transfer an action to another proper venue if such a transfer will be in the interest of justice." *In re Ricoh Corp.*, 807 F.2d 570, 572 (11th Cir. 1989).

"The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." *Canon USA, Inc.*, 331 F.3d at 807 (citing *In re Ricoh Corp.*, 870 F.2d at 573–74, and considering whether the

5

clause was "freely and fairly negotiated by experienced business professionals" and whether there was any fraud, duress, misrepresentation, or other misconduct in connection with the agreement to the forum selection clause). "Accordingly, the validity of a forum-selection clause must first be determined under general contract law, and, second, where a contractually valid forum-selection clause exists, the extremely high bar of *Atlantic Marine* applies to the question of whether that clause is enforceable." *Guest Assocs., Inc. v. Cyclone Aviation Prod., Ltd.*, 30 F. Supp. 3d 1278, 1282 (N.D. Ala. 2014).

"[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Const. Co.*, 571 U.S. at 63. "[W]hen weighing whether transfer is justified under section 1404(a), a choice of forum clause is 'a *significant* factor that figures *centrally* in the District Court's calculus.'" *In re Ricoh Corp.*, 807 F.2d at 573 (citing *Stewart Org., Inc.*, 487 U.S. at 29). A court evaluating a motion to transfer pursuant to a forum-selection clause should afford no weight to the plaintiff's selected forum or the parties' private interests. *Hisey*, 753 F. App'x at 703. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Const. Co.*, 571 U.S. at 64. Rather, "a district court may consider arguments about public-interest factors

only." *Id.* These factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Guest Assocs., Inc.*, 30 F.Supp.3d at 1283.

"[A] forum-selection clause [should] be given controlling weight in all but the most exceptional cases," *Atl. Marine Const. Co.*, 572 U.S. at 59–60, because "the interest of justice is served by holding parties to their bargain." *Guess Assocs., Inc.*, 30 F. Supp. 3d at 1283 (internal quotation marks and citation omitted). "By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen." *Canon USA, Inc.*, 331 F.3d at 807.

### A.   Validity of the Forum Selection Clause

The parties have not argued that the forum selection clause is invalid. There is no evidence before the court indicating that the clause was procured by fraud, duress, or the like, and no party has asserted that the bargain was not freely and fairly negotiated. As a result, the court finds that the clause is valid and enforceable. *See Canon USA, Inc.*, 331 F.3d at 807.

### B.   Motion to Dismiss

In light of the forum selection clause, Berkowitz requests that the court dismiss this case pursuant to Rule 12(b)(3). Doc. 15. But a party may not enforce a

forum selection clause through a motion to dismiss. *Atl. Marine Const. Co.*, 571 U.S. at 52 ("We reject petitioner's argument that such a clause may be enforced by a motion to dismiss."). Accordingly, the motion to dismiss is due to be denied.

## C.   Enforcement of the Forum Selection Clause

The forum selection clause should be enforced. Dailey initially requested that this court retain jurisdiction over his case. Doc. 16. As to the factors relevant to the § 1404(a) analysis, Dailey's only argument justifying litigation in the Northern District of Alabama is as follows:

> In addition, via investigation, the Plaintiffs have identified further parties which have engaged in fraudulent business practices which relate to the bad acts of the Defendants named herein, and the Plaintiffs plan to seek leave of court to amend the complaints as filed, to include multiple defendants which have not signed and/or consented to the Florida courts. Neither of the parties to this action are Florida entities and none of the prospective party defendants are Florida entities.

Doc. 16 at 2. The vague and uncertain prospect that other parties may be added to this action does not warrant retention of the case in the Northern District of Alabama. Though Dailey contends that these potential parties have not consented to the jurisdiction of the Florida court, he does not explain how these potential parties will be inconvenienced by litigating this case in Florida—if they are even added at all. Additionally, whether any party is a Florida entity is no reason to disturb the forum selection clause since the instant parties' residences were known when they entered into the agreement. *See Atl. Marine Const. Co.*, 571 U.S. at 64.

Dailey advances no concrete argument regarding the public-interest factors that a court must consider when determining whether to enforce a forum selection clause. *See U.S. ex rel. MDI Servs., LLC v. Fed. Ins. Co.*, 2014 WL 1576975, at *2 (N.D. Ala. Apr. 17, 2014) (explaining that "a valid forum-selection clause alters the court's § 1404(a) analysis" by "effectively limiting the court's consideration to arguments about public-interest factors"). Based upon its independent review, the court finds no reason to believe that the public interest will be harmed by administrative difficulties flowing from court congestion or having controversy decided in the Middle District of Florida. *See Guest Assocs., Inc.*, 30 F. Supp. 3d at 1283. The interest in having the trial of a diversity case in a forum that is at home with the law weighs in favor of transfer since the parties have entered into a choice of law provision requiring the courts to apply Florida law. *See id.* Ultimately, Dailey has failed to satisfy his burden of establishing that transfer to the Middle District of Florida—for which the parties bargained—is unwarranted. In accordance with the forum selection clause, the case will be transferred.

DONE and ORDERED on January 9, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE